IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                       )<br>                   Plaintiff,            )<br>                                                       )<br>     v.                                            )<br>                                                       )<br>JONATHAN F. DILLARD,         )<br>                                                       )<br>                   Defendant.        )<br>_____ ) | **ORDER**<br><br>Case Nos. CV-05-295-S-BLW<br>                  CR-02-36-S-BLW |

Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence challenging the sentence imposed in Case No. CR-02-36-S-BLW (hereinafter, "the criminal case").  *See* Docket No. 1 in Case No. CV-05-295-S-BLW (hereinafter, "the civil case").  Pending before the Court is his Motion to Appoint Counsel (Docket No. 3 in the civil case) to represent him in the § 2255 proceeding.  The Government opposes the Motion to Appoint Counsel on the grounds that the § 2255 Motion is time-barred.

Having reviewed the record, and being otherwise fully informed, the Court enters the following Order.

**Order** - 1

## BACKGROUND

Defendant pled guilty, pursuant to a plea agreement, to one count of possession of child pornography in return for the Government's agreement to dismiss seventeen other counts. He was sentenced on February 28, 2003, to a term of imprisonment of 60 months, the statutory maximum. Defendant did not appeal his sentence or conviction.

On July 8, 2005, Defendant filed his § 2255 Motion alleging (1) counsel's refusal to file a notice of appeal; (2) various other claims of ineffective assistance of counsel; (3) illegal and unconstitutional sentencing; (4) prosecutorial misconduct; (5) coerced plea to forfeiture count; and (6) breach of plea agreement. Defendant subsequently filed the pending Motion to Appoint Counsel on the grounds that he is mentally disabled and requires assistance to present his claims.

The Court notes that an Order of Conditional Filing (Docket No. 3 in the civil case) was inadvertently entered rather than either a Rule 3 notice of filing or a Rule 4 notice of filing and order that the Government respond to the § 2255 motion. Accordingly, the Government did not respond to the § 2255 motion itself although it did respond to the pending motion for appointment of counsel.

## APPLICABLE LAW AND DISCUSSION

Title 28 U.S.C. § 2255 provides several grounds under which a federal court

may grant relief to a federal prisoner who challenges or collaterally attacks the imposition or length of his or her incarceration.  A section 2255 motion must be filed within one-year from the latest of several potential dates under 28 U.S.C. § 2255 (paragraph 6).  The relevant date here is March 10, 2003, which is the date on which Defendant's judgment of conviction became final because his time for filing an appeal had passed.  *See United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000).  Defendant did not file his § 2255 motion until over two years after his conviction became final.  Therefore, absent equitable tolling, Defendant's § 2255 motion is time-barred.

The Court does not have before it a motion to dismiss Defendant's 2255 motion on statute of limitations grounds.  Rather than file such a motion, the Government has raised the issue as grounds for its objection to the appointment of counsel.  Although the Court can raise the limitations issue *sua sponte*, it cannot dismiss the proceeding without first giving Defendant (1) notice that his motion is subject to being dismissed as untimely, and (2) an opportunity to respond as required by *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

A review of the record, including the presentence report, indicates that Defendant has an IQ of 77 and borderline intellectual functioning in addition to serious long-term mental health issues.  In fact, the Government expressly

Order - 3

acknowledged in the plea agreement that its sentencing recommendation and agreement to dismiss charges were made in recognition of the Defendant's "diminished capacity." *See* Plea Agreement, p. 3, ¶ 2(i) (Docket No. 16 in the criminal case). It is against this backdrop that the Court decides the pending motion.

### A.     Appointment of Counsel

As the Government correctly points out, there is no constitutional right to counsel for a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The right to counsel "extends to the first appeal of right, and no further." *Id.* Although appointment of counsel is not constitutionally guaranteed after completion of a direct appeal of a conviction, the decision of whether to appoint counsel for such matters is within the discretion of the district court. *See United States v. Harrington*, 410 F.3d 598, 599 (9th Cir. 2005).

Rule 8(c) of the Rules Governing Section 2255 Proceedings provides that the Court *must* appoint counsel to represent a defendant who qualifies for appointed counsel under 18 U.S.C. § 3006A if an evidentiary hearing is warranted. Under the Rule, the Court *may* appoint counsel for a qualifying defendant at any other stage of a § 2255 proceeding. Furthermore, 18 U.S.C. § 3006A itself provides that the Court may appoint counsel for a qualifying defendant seeking

Order - 4

relief under § 2255 if it determines "that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).

The Court finds that given Defendant's established mental health issues and borderline intellectual functioning, it is in the interests of justice to appoint counsel for Defendant. Furthermore, as discussed below, an evidentiary hearing to address the equitable tolling issue will be necessary. It also appears that Defendant has adequately alleged facts which, if proven, would entitle him to relief for ineffective assistance of counsel based on refusal to file a notice of appeal. *See United States v. Sandoval-Lopez*, 409 F.3d 1993, 1196-98 (9th Cir. 2005). This is so, even if the filing of an appeal would be contrary to the plea agreement, have little chance of success, or subject the Defendant to a much higher sentence if successful. *Id.* If Defendant is successful on the equitable tolling issue, an evidentiary hearing would be required to determine whether the allegations are, in fact, true. For all of these reasons, the Court will grant the motion for appointment of counsel.

      B.     **Equitable Tolling**

Pro se complaints and motions from prisoners must be liberally construed. *See United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000). Contrary to the Government's contention that Defendant did not allege "some form of tolling," the Court finds that a liberal reading of Defendant's § 2255 motion indicates that he is

alleging mental disability and refusal of defense counsel to provide information as grounds to excuse compliance with the statute of limitations. It appears, therefore, that Defendant is already on notice that his motion is subject to dismissal on statute of limitation grounds and has provided the Court with the very type of response the Court would have invited with a *Herbst* notice.

In the context of § 2254 proceedings, the Ninth Circuit has held that equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The Ninth Circuit has since held that the principle of equitable tolling also applies to the one-year time limitation in § 2255. *See United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004) (following the lead of several other circuits in treating the limitations sections similarly). Grounds sufficient for equitable tolling are "highly fact-dependent." *Whalen/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). It is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

A prisoner's mental incompetency may be an extraordinary circumstance beyond a his control justifying equitable tolling. *See Calderon v. United States*

*District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc).  Once a defendant has alleged mental incompetency in a verified pleading, the Court is required to order discovery, expansion of the record, or an evidentiary hearing to determine whether the necessary level of incompetency existed during the time he should have filed for relief and  precluded him from filing his petition.  *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003).

Because Defendant has adequately alleged mental incompetence to excuse compliance with the § 2255 statute of limitations, the Court will order an evidentiary hearing to determine whether he is entitled to equitable tolling.  In the interest of judicial economy, the Court will also hear evidence at that hearing on the issue of whether Defendant actually told his attorney to file a notice of appeal and whether his attorney refused to do so.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Appointment of Counsel (Docket No. 3 in civil case) is GRANTED.  The Clerk of Court shall appoint counsel from the CJA panel to represent Defendant in this § 2255 proceeding.

IT IS FURTHER HEREBY ORDERED that appointed counsel shall contact LaDonna Garcia, the Court's In-Court Clerk at (208) 334-9021, within thirty (30)

days from the date of this Order to schedule an evidentiary hearing.  The Court is not scheduling the evidentiary hearing at this time in order to allow appointed counsel sufficient time to review the file and consult with Defendant.

DATED:  **October 19, 2005**

/s/ B. Lynn Winmill

B. LYNN WINMILL
Chief Judge
United States District Court

**Order** - **8**