UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>JONATHAN F. DILLARD,<br><br>                    Defendant. | Case No. 1:02-cr-00036-BLW<br><br>**ORDER** |

The Court has reviewed Defendant's letter (Dkt. 55) requesting reappointment of the Federal Defender Services to present "new evidence" concerning his sentence imposed on February 28, 2003, so the Court can "redetermine his sentence." The alleged new evidence consists of (1) the 2006 "new law" requiring all sex offenders to register which he claims is unconstitutionally made retroactive to him, and (2) the Court's consideration at sentencing of pretrial release violations involving the same type of conduct as the charged conduct. The Court will deny the request.

The right to counsel "extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). There is no constitutional right to counsel for a collateral attack on a conviction or sentence. *Id.* Appointment of counsel is *mandated* in certain circumstances pursuant to 18 U.S.C. § 3006A(a)(1). The only possible basis for finding that appointment mandated would be a finding that Defendant is

**ORDER - 1**

entitled to appointment of counsel under the sixth amendment to the Constitution.  *See* 18

U.S.C.§  3006A(1)(H).  Appointment of counsel is *permissible* in limited circumstances

such as where,  as relevant here,  a person is seeking relief under 28 U.S.C. § 2241 based

on conditions of confinement or challenging his sentence or conviction pursuant to 28

U.S.C. § 2255.  *See* 18 U.S.C. § 3006A(2).

  Relevant considerations in determining whether to appoint counsel are the

likelihood of success on the merits, the complexities of the issues involved, and the ability

of the prisoner to present his claims.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.

1983).  Appointment of counsel is not mandated unless the indigent prisoner's due

process rights would be violated absent such appointment.  *Chaney v. Lewis*, 801 F.2d

1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987).  Here, the Court finds the

likelihood of success on the merits inquiry to be determinative.

**1.**  **SORNA**

  The Court assumes Defendant intends to challenge the constitutionality of the Sex

Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq.*

enacted by Congress and effective as of July 27, 2006.

  The Ninth Circuit has recently joined several other  circuits in holding that

requiring an individual to register under SORNA based on a conviction entered prior to

SORNA's enactment does not violate the Ex Post Facto Clause of the constitution.  *See*

*United States v. Elkin*s,  2012 WL 2149462 at *4 (9th Cir. June 14, 2012).  The various

circuits' decisions are based on the determination that Congress enacted SORNA as a

**ORDER - 2**

civil regulatory scheme rather than a punitive scheme. *Id*. Therefore, the application of SORNA to Defendant would only be unconstitutional "if it is 'so punitive either in purpose or effect as to negate' Congress's intent." *Id*. (citing *Smith v. Doe*, 538 U.S. 84, 92 (2003)). The Court finds Defendant would be unlikely to succeed on such a claim.

**2.      Sentence**

At sentencing, because of  Defendant's pretrial release violations, the Court did not apply the three-level adjustment under USSG § 3E1.1 for acceptance of responsibility that was calculated in the Presentence Report. Without the adjustment, the guideline range was the statutory maximum of 60 months. With the adjustment, the guideline range would have been 51 to 60 months. *Sent. Tr.* at 5, Dkt. 49..

The Court notes that Defendant has completed service of his term of incarceration and was discharged from his three-year term of supervised release on September 20, 2010. *Discharge Order*, Dkt. 54. Therefore, given that he is no longer in custody, relief under § 2255 is unavailable to him. *See* 28 U.S.C. § 2255(a) (limiting remedy to "a prisoner in custody"). In any event, his claim that the Court should have sentenced him without regard to his pretrial release violation conduct is essentially moot given his release. Even if the challenge had been considered while he was in custody, his likelihood of prevailing would have been negligible. At sentencing, the Court, in announcing its decision that Defendant was not entitled to the acceptance of responsibility adjustment, commented that it would have sentenced at the top of the guideline range of 51 to 60 months even if it had granted the acceptance of responsibility adjustment. *Sent.*

**ORDER - 3**

*Tr.* at 49, Dkt. 49.

## ORDER

**IT IS ORDERED** that Defendant's request for reappointment of counsel (Dkt. 55) is **DENIED**.



DATED:  **August 1, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 4**